IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00598-BNB

TILFORD HIRAM GASH, JR.,

     Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 6 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

_____

Applicant, Tilford Hiram Gash, Jr., is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Sterling,

Colorado, correctional facility. Mr. Gash filed **_pro se_** an amended application for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction

in Washington County District Court case number 00CR15. It has come to the Court's

attention that Mr. Gash paid the $5.00 filing fee for this habeas corpus action twice.

**_See_** docket numbers 2 and 8. Therefore, the clerk of the Court will be directed to

refund the $5.00 overpayment under separate cover.

On April 8, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file

within twenty days a pre-answer response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A). On May 18, 2009, after being granted an

extension of time, Respondents filed their pre-answer response.  Applicant did not file a reply, although he was afforded the opportunity to do so.

The Court must construe liberally Mr. Gash's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss one of Mr. Gash's two asserted claims.

Mr. Gash was convicted by a jury in Washington County District Court case number 00CR15 on charges of first-degree murder after deliberation and concealing a death.  He was sentenced to life in prison without the possibility of parole.  On December 4, 2003, the Colorado Court of Appeals affirmed the judgment of conviction on direct appeal.  *See People v. Gash*, No. 01CA1952 (Colo. Ct. App. Dec. 4, 2003) (not published) (*Gash I*).  On April 19, 2004, the Colorado Supreme Court denied certiorari review.

On June 30, 2004, Mr. Gash filed through counsel a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure challenging the admission of evidence under *Crawford v. Washington*, 541 U.S. 36 (2004).  The trial court denied the motion.  On November 16, 2006, the Colorado Court of Appeals affirmed.  *See People v. Gash*, No. 05CA0936 (Colo. Ct. App. Nov. 16, 2006), published at 165 P.3d 779 (Colo. Ct. App. 2006) (*Gash II*).  On June 25, 2007, certiorari review was denied.

On July 27, 2007, Mr. Gash filed *pro se* a Colo. R. Crim. P. 35(c) motion for

postconviction relief, alleging, *inter alia*, that trial counsel was ineffective by allowing

prospective jurors, who were related to or associated with law enforcement

personnel involved in his criminal case, to sit on the jury.  The trial court denied the

motion.  On September 11, 2008, the Colorado Court of Appeals affirmed.  *See*

*People v. Gash*, No. 07CA2193 (Colo. Ct. App. Sept. 11, 2008) (not published)

(*Gash III*).  On January 26, 2009, the Colorado Supreme Court denied certiorari

review.

On March 11, 2009, Mr. Gash submitted his original application to this Court,

which filed the application on March 19, 2009.  On April 6, 2009, he submitted the

amended application.  Respondents concede that the instant action is filed in a

timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d).

Therefore, the Court need not address further the one-year limitation period.

In his amended application, Mr. Gash asserts two claims:

> (1) Trial counsel was ineffective by allowing jurors
> to sit on the jury who were related to or had a friendship
> with law enforcement personnel involved in the criminal
> case, in violation of the Sixth and Fourteenth
> amendments.

> (2) Denial of a fair trial, in violation of his federal
> constitutional due process right, in that fifteen of the
> forty-three prospective jurors were related to or
> acquainted with law enforcement personnel involved in
> the criminal case, and six of these jurors sat on the jury.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state

remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has

exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents concede that Mr. Gash exhausted his first claim, i.e., that trial counsel was ineffective by allowing jurors to sit on the jury who were related to or had a friendship with law enforcement personnel involved in the criminal case, in violation of the Sixth and Fourteenth amendments, through his *pro se* Colo. R. Crim. P. 35(c) postconviction motion in *Gash III*. However, Respondents contend that Mr. Gash failed to exhaust his second claim, i.e., that he was denied a fair trial, in violation of his federal constitutional right to due process, because fifteen of the forty-three prospective jurors were related to or acquainted with law enforcement personnel involved in the criminal case, and six of these jurors sat on the jury. For the reasons stated below, the Court agrees.

Mr. Gash raised a claim of juror bias solely as a factual basis for his ineffective-assistance-of-counsel claim asserted in his *pro se* postconviction motion in *Gash III*. *See* pre-answer response at app. I (Petition for Postconviction Relief Pursuant to Crim. P. 35(c)) at 23-24. He presented this same ineffective-assistance-of-counsel claim to the Colorado Court of Appeals in his opening brief. *See id.* at app. J (Opening Brief of Defendant-Appellant), at 15-20. The ineffective-assistance-of-counsel claim did not fairly present to the state courts the second claim Mr. Gash raises here.

In the same opening brief, Mr. Gash asserted another claim titled "Trial Court Erred in Dening [sic] Defendant's Claim of Jury Misconduct and This Reason for

Wanting a 'Change of Venue,' in Defendant's 'Petition for Postconviction Relief Pursuant to Crim. P. 35(c)." *Id.* at 25. However, this claim also clearly asserted counsel's failure to prevent the alleged jury bias and not a separate claim of jury bias. In addressing the claim, the Colorado Court of Appeals interpreted the allegations of jury bias as the factual basis for Mr. Gash's claim of ineffective assistance of counsel, and discussed the alleged bias only in the context of counsel's ineffectiveness. *See id.* at app. L (*Gash III*) at 4-10.

Not until he filed his petition for writ of certiorari in the Colorado Supreme Court did Mr. Gash present a separate claim of jury bias. *See id.* at app. M (Petition for Writ of Certiorari) at 11-13. However, the state supreme court did not address the merits of the claim. *See id.* at app. N (order denying certiorari review).

The certiorari petition does not satisfy the exhaustion requirement because the Colorado Supreme Court denied the petition without addressing the merits of the claims asserted. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). Mr. Gash has failed to satisfy his burden of demonstrating that he has fairly presented his second claim to the state's highest court prior to seeking relief in this Court.

Although Mr. Gash failed to exhaust state court remedies for his second claim for relief, the Court may not dismiss the claim for failure to exhaust state remedies if Mr. Gash no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claim would be denied as untimely, *see* Colo. Rev. Stat. § 16-5-402, and as successive under Colo. R. Crim. P. 35(c) because the second claim could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. Rev. Stat. § 35(c)(3)(VII). Therefore, the second claim that Mr. Gash failed to exhaust is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Gash's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Gash must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United*

7

*States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Gash first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Gash then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Gash fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Gash has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that the second claim Mr. Gash failed to exhaust is procedurally barred. Accordingly, it is

ORDERED that the clerk of the Court refund to Applicant, Tilford Gash, under separate cover the $5.00 overpayment for the filing fee in this action. It is

FURTHER ORDERED that claims two is dismissed as procedurally barred. It is

8

FURTHER ORDERED that claim one and the case are drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that the motions for appointment of counsel and for discovery that Mr. Gash filed with the Court on April 6, 2009, are denied as premature.

DATED at Denver, Colorado, this _15_ day of _____ July _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00598-BNB

Tilford Hiram Gash, Jr.
Prisoner No.  110250
Sterling Correctional Facility
PO Box 6000 - Unit 1c
Sterling, CO 80751

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on_7/16/09_

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk