IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00598-MSK-CBS

TILFORD HIRAM GASH, JR.,
    Applicant,
v.

KEVIN MILYARD (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,
    Respondents.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

      This civil action comes before the court on: (1) Mr. Gash's "Motion for Appointment of Counsel Pursuant to 18 § 3006A(b) [sic]" (filed August 3, 2009) (doc. # 18); and (2) Mr. Gash's "Motion for Requesting Discovery Pursuant to 28 § 2254; rule 6(b) [sic]" (filed August 3, 2009) (doc. # 19).  Pursuant to the Referral dated July 27, 2009 (doc. # 17) and the Order dated August 3, 2009 (doc. # 20), these matters were referred to the Magistrate Judge.  The court has reviewed the Motions, the entire case file, and the applicable law and is sufficiently advised in the premises.

      Mr. Gash filed his corrected Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") on April 6, 2009, alleging two claims for: (1) "Ineffective Assistance of trial attorney's [sic];" and (2) ""Jury Misconduct and change of venue." (*See* doc. # 7).  After preliminary determination of the timeliness of the Petition pursuant to 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A), on July 16, 2009, the court dismissed Mr. Gash's Claim Two as

1

procedurally barred and ordered the Petition drawn to a District Judge and a Magistrate Judge as to Claim One.  (*See* docs. # 9, # 14, and # 15).

1.     Mr. Gash seeks "discovery" regarding an employee at the Washington County Jail, whose daughter, he alleges, was one of the jurors in his trial.  (*See* doc. # 19). Discovery is limited in a habeas action.  *See Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007) ("there is no entitlement to discovery in habeas proceedings").  Rule 6(a) of the Rules Governing Section 2254 Cases provides that a district court has the discretion to grant discovery to a habeas petitioner upon a fact-specific showing of good cause.  On July 27, 2009, District Judge Krieger ordered Respondents to file a response to the Petition within 45 days.  (*See* doc. # 17).  As the response is not yet due or filed, neither Mr. Gash nor the court have been apprised of Respondents' position with regard to the single remaining claim in the Petition.  Respondents will provide Mr. Gash a copy of their Response and any accompanying exhibits.  The court has not made a determination that discovery is necessary or appropriate.  *See Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) ("The rules of pretrial discovery, . . . are not applicable to habeas corpus proceedings, unless they are necessary to help the court dispose of the matter as law and justice require.") (internal quotation marks and citation omitted).  Mr. Gash has not demonstrated good cause for his request to discover "information" about a juror's mother's employment.  In light of the limitations on discovery in habeas actions, Mr. Gash's request for "discovery" is properly denied.

2. "[T]here is no constitutional right to representation by counsel in a habeas corpus proceeding." *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (internal quotation marks and citation omitted). The Criminal Justice Act provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). Thus, the court has the discretion to appoint counsel in a habeas proceeding.

"The decision of whether to appoint counsel includes factors such as 'the likelihood of success on the merits, the complexity of the legal issues raised by the complaint and the ability of the indigent (here, petitioner) to investigate and present the case.' " *Vaughan v. United States*, 647 F. Supp. 826, 827 (S.D.N.Y. 1986) (quoting *Shaird v Scully*, 610 F. Supp. 442, 444 (S.D.N.Y. 1985) (citations omitted)). These factors are similar to the standards utilized for appointment of *pro bono* counsel in other civil cases. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims"). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Gash's request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Gash is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Gash has thus far adequately presented his claims unaided by counsel. The issues presented by the single remaining claim in this action are not complex. Even assuming without deciding that the Petition has merit, the court is within its discretion in determining that the interests of justice in this case do not require appointment of counsel for Mr. Gash.

Accordingly, IT IS ORDERED that:

1. Mr. Gash's "Motion for Requesting Discovery Pursuant to 28 § 2254; rule 6(b) [sic]" (filed August 3, 2009) (doc. # 19) is DENIED.

2. Mr. Gash's "Motion for Appointment of Counsel Pursuant to 18 § 3006A(b) [sic]" (filed August 3, 2009) (doc. # 18) is DENIED.

DATED at Denver, Colorado, this 4th day of August, 2009.

BY THE COURT:

s/Craig B. Shaffer  
United States Magistrate Judge