IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 09-cv-00598-MSK-CBS

TILFORD HIRAM GASH, JR.,
    Applicant,
v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,
    Respondents.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Gash's amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed *pro se* on April 6, 2009 (doc. # 7). Pursuant to the July 27, 2009 Order of Referral (doc. # 17), the case was referred to the Magistrate Judge to, *inter alia*, "review the merits and to issue proposed findings of fact and recommendations for disposition." The court has reviewed the Petition, Respondent's "Answer to Order to Show Cause" ("Response") (filed October 2, 2009) (doc. # 25), Mr. Gash's Traverse (filed December 2, 2009) (doc. # 34), the pertinent parts of the state court record, the entire case file, and the applicable law and is sufficiently advised in the premises. The court recommends that the Petition be denied and that this civil action be dismissed with prejudice.

I.    Statement of the Case

    Mr. Gash was convicted in Washington County District Court case number

00CR15 "on a jury verdict finding him guilty of first degree murder after deliberation, § 18-3-102(1)(a), C.R.S. 2003, and concealing a death, § 18-8-109, C.R.S. 2003." (*See People v. Gash*, No. 01CA1952 (Colo. App. Dec. 4, 2003) (not published pursuant to C.A.R. 35(f)) ("*Gash I*") (Appendix B to Respondents' Pre-Answer Response (doc. # 14-3)). Mr. Gash was sentenced to life in prison without the possibility of parole. *See People v. Gash*, 165 P.3d 779, 781 (Colo. App. 2008) ("*Gash II*") (Appendix F to Respondents' Pre-Answer Response (doc. # 14-7)).

On December 4, 2003, the Colorado Court of Appeals affirmed the judgment of conviction on direct appeal. (*See Gash I*, State Court Record "Volume 1 Appeal as to Crim. P. 35(c) Ruling" at pp. 546-52). On April 19, 2004, the Colorado Supreme Court denied certiorari review. (*See* Appendix C to Respondents' Pre-Answer Response (doc. # 14-4)). The Colorado Court of Appeals issued the mandate on April 30, 2004. (*See* Appendix D to Respondents' Pre-Answer Response (doc. # 14-5)).

On June 30, 2004, Mr. Gash filed through counsel a postconviction "Petition Pursuant to Rule 35(c)" of the Colorado Rules of Criminal Procedure, challenging the admission of evidence under *Crawford v. Washington*, 541 U.S. 36 (2004). (*See* Appendix I to Respondents' Pre-Answer Response (doc. # 14-9) at p. 14 of 33). The trial court denied the motion. (*See* State Court Record, "Volume 1 Appeal as to Crim. P. 35(c) Ruling" at p. 616). On November 16, 2006, the Colorado Court of Appeals affirmed the trial court's ruling. (See *Gash II* (Appendix F to Respondents' Pre-Answer Response (doc. # 14-6))). On June 25, 2007, the Colorado Supreme Court denied certiorari review. (*See* Appendix G to Respondents' Pre-Answer Response (doc. # 14-7)). The Colorado Court of Appeals issued the mandate on June 28, 2007. (*See*

Appendix H to Respondents' Pre-Answer Response (doc. # 14-8)).

On July 27, 2007, Mr. Gash filed *pro se* a motion for postconviction relief pursuant Colo. R. Crim. P. 35(c), alleging among other things that trial counsel was ineffective by allowing prospective jurors who were related to or associated with law enforcement personnel involved in his criminal case to sit on the jury. (*See* Appendix I to Respondents' Pre-Answer Response (doc. # 14-9) at p. 18 of 33). The trial court denied the motion. (*See id.* at p. 25 of 33). On September 11, 2008, the Colorado Court of Appeals affirmed the trial court's ruling. (*See People v. Gash*, No. 07CA2193 (Colo. App. Sept. 11, 2008) (not published pursuant to C.A.R. 35(f)) ("*Gash III*") (Appendix L to Respondents' Pre-Answer Response (doc. # 14-12))). On January 26, 2009, the Colorado Supreme Court denied certiorari review. (*See* Appendix N to Respondents' Pre-Answer Response (doc. # 14-14)). The Colorado Court of Appeals issued the mandate on February 13, 2009. (*See* Appendix O to Respondents' Pre-Answer Response (doc. # 14-15)).

On March 11, 2009, Mr. Gash filed his initial habeas petition with this court. (*See* doc. # 2). On April 6, 2009, he submitted his amended Petition. (*See* doc. # 7). On July 16, 2009, Senior Judge Weinshienk dismissed Mr. Gash's Claim Two alleging "jury misconduct and change of venue" for failure to exhaust state remedies and as procedurally barred. (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (doc. # 15)). Thus, the only claim before the court is Mr. Gash's Claim One.

II.     One-Year Limitation Period for Filing Application for Federal Habeas Relief

Respondents do not challenge the timeliness of the Petition under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). (*See* Response (doc. # 25) at p. 3 of 15).

III.    Exhaustion of State Remedies and Procedural Default

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Before a state prisoner may raise a federal constitutional claim attacking his state conviction in a federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he or she must have first exhausted state remedies and provided the state courts with a fair opportunity to apply controlling legal principles to facts bearing on the constitutional claims. 28 U.S.C. § 2254(b)(1). Respondents concede that Mr. Gash exhausted his Claim One, the only claim remaining before the court. (*See* Respondents' Pre-Answer Response (doc. # 14) at p. 7 of 14 ("it appears that Applicant has exhausted Claim 1.")).

IV.     Standard of Review

Mr. Gash filed this habeas proceeding after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Consequently, federal review of the Petition is governed by the standards set out in 28 U.S.C. § 2254(d), as amended by the AEDPA. *See Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)").

4

Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d). The Supreme Court has construed the language of § 2254(d)(1):

> . . . a decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. . . ."

*Price*, 538 U.S. at 640. In determining whether the state court decision "involved an unreasonable application of clearly established Federal law" under § 2254(d)(1),

> a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner."

*Price*, 538 U.S. at 640-41 (internal quotation marks and citations omitted).

The Supreme Court has interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockerell*, 537 U.S. 322, 340 (2003). When applying § 2254(d)(2), "the factual issues decided by the [state] court are presumed to be correct and [Mr. Gash] bears the burden of rebutting this

5

presumption by clear and convincing evidence." *Le v. Mullin*, 311 F.3d 1002, 1010 (10th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)). *See also Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir. 2002) ("To establish that habeas relief is warranted on the § 2254(d)(2) ground . . . a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct.") (citations omitted).

V.     Analysis

In Claim One, Mr. Gash alleges that his trial counsel was "ineffective by allowing jurors to sit on the jury panel who were related to or had a friendship with personnel of the law enforcement agencies that did investigate this case and participated in the trial," in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution and Article II, Sections 16 and 25 of the Colorado Constitution. (*See* Petition (doc. # 7) at p. 5 of 13).

Under the Sixth Amendment, a criminal defendant has the right to effective assistance of counsel. U.S. Const., amend. VI. To determine whether the defendant has received ineffective assistance of counsel, courts apply the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the *Strickland* test, the defendant must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id.* at 687. For the performance prong, a defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To determine reasonableness, a court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances

6

of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The court must also make "a strong presumption that counsel's conduct falls within the wide range reasonable professional assistance." *Id.* Mr. Gash has the burden of overcoming the strong presumption that counsel provided effective assistance. *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (citing *Strickland*, 466 U.S. at 689). For the prejudice prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A claim of ineffective assistance of counsel "may be resolved on either performance or prejudice grounds alone." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

A.     Counsel's Performance Was Not Objectively Unreasonable

Mr. Gash contends that his counsel was ineffective for failing to challenge for cause six jurors whom he contends were biased against him. Under federal law, "[o]ne touchstone of a fair trial is an impartial trier of fact -- a jury capable and willing to decide the case solely on the evidence before it." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) (quotation marks and citation omitted). *See also Gonzales v. Thomas*, 99 F.3d 978, 983 (10th Cir. 1996) (same) (citing *McDonough*, 464 U.S. at 554). "Voir dire examination serves to protect that right by exposing possible biases, both known and unknown, on the part of potential jurors. . . ." *McDonough Power*, 464 U.S. at 554. Counsel may be ineffective for failing to attempt to remove

from the jury an individual who has been established on voir dire to be biased. *Hale v. Gibson*, 227 F.3d 1298, 1319 (10th Cir. 2000). Jurors are presumed to be impartial and to follow the court's instructions. *See Irvin v. Dowd*, 366 U.S. 717, 723 (1961) (discussing the "presumption of a prospective juror's impartiality"). To show that a juror was biased, petitioner "must show more than that the juror had a preconceived notion of guilt; he must show that the juror had such a fixed opinion that he or she could not judge impartially." *Id.* at 1320.

Counsel's actions during voir dire are "presumed to be matters of trial strategy," *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000) (citing *Nguyen v. Reynolds*, 131 F.3d 1340, 1349 (10th Cir. 1997)), and there is a strong presumption that the strategic decisions made by Mr. Gash's counsel were within the range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689 (petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy") (internal quotation marks and citation omitted). Habeas petitioners bear a "heavy burden" in overcoming this presumption. *Id.* In order to overcome this presumption, a habeas petitioner must show that counsel's decision is "so ill chosen that it permeates the entire trial with obvious unfairness." *Nguyen*, 131 F.3d at 1349.

As to the six jurors, Mr. Gash makes the following specific challenges: (1) Juror DB knew employees of the Washington County Sheriff's Office and Darrell Brenner of the Washington County Coroner's Office (*see* State Court Record, "First Day of Jury Trial, July [9], 2001" at p. 37); (2) Juror LS knew Mr. Brenner and her husband's cousin is a Washington County Sheriff's deputy (*see id.* at pp. 40, 50); (3) Juror BD knew Mr.

8

Brenner (*see id.* at p. 40); (4) Juror MH's stepson works for the Washington County Sheriff's Department (*see id.* at p. 185 ); (5) Juror RD knew Darrell Brenner (*see* State Court Record, "Second Day of Jury Trial, July 10, 2001" at pp. 308-09); and (6) Juror BR had friends in law enforcement. (*See id.* at p. 320).

The Colorado Court of Appeals found "the record shows no basis for challenging any of [the six jurors] for actual or implied bias." (*See* doc. #14-12 at p. 8 of 11). This is not an unreasonable determination of the law or the facts by the Colorado Court of Appeals. Although Juror DB acknowledged that he was acquainted with employees of the Washington County Sheriff's Office and played cards with Darrell Brenner of the Washington County Coroner's Office, he also acknowledged that he had not discussed the case with Mr. Brenner and that his acquaintance would not affect his ability to be impartial. (*See* State Court Record, "First Day of Jury Trial, July [9], 2001" at pp. 37-38). Juror LS, who also knew Mr. Brenner and mentioned that her husband has a cousin who works for the Washington County Sheriff's Office, stated that her acquaintance would not affect her ability to be fair. (*See id.* at p. 40).

Juror RD also stated that he knew Mr. Brenner because Mr. Brenner was on the board of directors where Juror RD worked (*see* State Court Record, "Second Day of Jury Trial, July 10, 2001" at pp. 308-09). Upon examination by Mr. Gash's counsel, Juror RD stated that Mr. Brenner had no particular influence over his job (*see id.* at p. 315), and Juror RD did not have "[a]ny particular reservations about . . . reach[ing] a verdict that was different from what [Juror RD] thought Mr. Brenner wanted [Juror RD] to reach." (*See id.* at p. 316).

Juror BD stated that she knew Mr. Brenner "socially and through his business,"

9

but she also stated that she had never discussed the case with Mr. Brenner and that nothing about her relationship with Mr. Brenner would affect her ability to be fair to both sides. (*See* State Court Record, "First Day of Jury Trial, July [9], 2001" at p. 40). Although Juror MH had a stepson working at the Washington County Sheriff's Department (*see id.* at p. 185), he indicated that he could find Mr. Gash not guilty if he were "not satisfied with the evidence that the prosecution produces at trial." (*See id.* at p. 194). Finally, while Juror BR stated that she had friends in law enforcement (*see* State Court Record, "Second Day of Jury Trial, July 10, 2001" at p. 320), upon examination by Mr. Gash's counsel, she stated that "I always agree that a person is innocent until proven guilty." (*See id.* at p. 327).

There is nothing in the record to suggest that Mr. Gash's counsel acted unreasonably during voir dire or had a basis for challenging for cause any of the jurors at issue. As the Colorado Court of Appeals noted, of the eleven grounds for challenging a prospective juror for cause in Colorado, *see* C.R.S. 16-10-103(1), none of the facts alleged by Mr. Gash satisfied the grounds for challenging the six jurors. (*See* doc. # 14-12 at pp. 7-8 of 11). Under federal law, having an "association" with a sheriff or coroner's office is not enough to demonstrate juror bias. Juror bias "may be found either by an express admission, or by proof of specific facts which show such a close connection to the facts at trial that bias is presumed." *Burton v. Johnson*, 948 F.2d 1150, 1158 n. 10 (10th Cir. 1991). Mr. Gash fails to show juror bias or that any of the six jurors had such a close connection to the facts of the case as to presume bias. The Colorado Court of Appeals' holding that "[n]one of the prospective jurors made any comments indicating any actual bias" against Mr. Gash (*see* doc. # 14-12 at p. 10 of 11)

was neither contrary to nor an unreasonable application of federal law or an unreasonable determination of the facts. The record of the voir dire examination shows that all six jurors indicated that they would act impartially without bias. (*See* State Court Record, "First Day of Jury Trial, July [9], 2001" at pp. 34, 36-38, 40, 42-43, 45, 49-50, 52-54, 59-60, 66, 72, 76-77, 80, 85, 88-89, 91, 93-94, 96, 110-11, 113, 145, 149, 154, 156, 162-65, 167-70, 178-80, 183-208, 210-212; "Second Day of Jury Trial, July 10, 2001" at pp. 308-330). Mr. Gash has presented no basis to disregard the impaneled jurors' assurances that they could serve as fair and impartial jurors in the case. "It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Irvin v. Dowd*, 366 U.S. at 722-3. Mr. Gash fails to demonstrate that any member of the jury in his case "had such fixed opinions that they could not judge impartially the guilt of the defendant" or that trial counsel acted unreasonably or deficiently by allowing these individuals to remain on the jury. *Patton v. Yount*, 467 U.S. 1025, 1035 (1984). *See also Hale v. Gibson*, 227 F.3d 1298, 1320 (10th Cir. 2000) (same).

Mr. Gash's allegations do not suffice to overcome the strong presumption that counsel's decisions during voir dire fell within the wide range of reasonable professional assistance and that counsel made all significant decisions regarding the subject jurors in the exercise of reasonable professional judgment. *See Strickland*, 466 U.S. at 689-690. Thus, Mr. Gash fails to meet the first prong of *Strickland*.

B.   Mr. Gash Suffered No Prejudice

For the reasons discussed above, Mr. Gash has failed to establish that the

challenged jurors were biased. To satisfy the prejudice prong of *Strickland*, Mr. Gash must show that a juror who served on the jury was actually biased against him. *See Johnson v. Luoma*, 425 F.3d 318, 326 (6th Cir. 2005) (to establish prejudice under *Strickland* by reason of an attorney's failure to strike an allegedly biased juror, petitioner must establish that the juror actually was biased against him) (citation omitted). "Mere speculation regarding the possibility of inappropriate juror bias is not sufficient to meet the prejudice prong under *Strickland*." *Tafoya v. Tansy*, 9 Fed. Appx. 862, 871 (10th Cir. May 24, 2001).[1] Having failed to establish that he suffered prejudice from counsel's alleged failure to excuse jurors who were biased, Mr. Gash fails to meet the second prong of the *Strickland* standard.

As Mr. Gash fails to satisfy either the performance or prejudice prong of the *Strickland* test, his Claim One does not warrant habeas corpus relief.

Accordingly,

IT IS RECOMMENDED that the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed on April 6, 2009 (doc. # 7) be DENIED and that this civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within *fourteen days* after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

---

[1] Copies of unpublished decisions cited are attached to this Recommendation.

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 23rd day of April, 2010.

BY THE COURT:


  s/Craig B. Shaffer
United States Magistrate Judge